IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00139-WYD-KLM

JOHN FRANK LOVATO,

    Plaintiff,

v.

JASON PITTS, a police officer with the Longmont Police Department, in his individual capacity;
ROBERT BLACK, a police officer with the Longmont Police Department, in his individual capacity;
GREG RUPRECHT, a police officer with the Longmont Police Department, in his individual capacity;
CRAIG MORTENSEN, a police officer with the Longmont Police Department, in his individual capacity; and
CHRIS BORCHOWIEC, a police officer with the Longmont Police Department, in his individual capacity,

    Defendants.

_____

## ORDER STAYING DISCOVERY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery Pending Determination of Defendants' Qualified Immunity** [Docket No. 15; Filed June 28, 2011] (the "Motion"). Defendants have filed a Motion to Dismiss [Docket No. 11] asserting several defenses, including the defense of qualified immunity. If granted, the Motion to Dismiss would resolve the entire case. Defendants request a stay of discovery until the issues presented in the Motion to Dismiss are decided. Plaintiff does not oppose a stay if Defendants submit their initial disclosures prior to the stay taking effect. *See Motion* [#15] at 2. Defendants represent that they submitted their initial disclosures on June 27, 2011. *Id.* Accordingly, this matter is ripe for resolution.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); see also *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese*, 2006 WL 894955, at *2. While it is normally the case that plaintiffs wish to proceed expeditiously with their cases, Plaintiff has agreed to a stay here. Moreover, Defendants have filed a Motion to Dismiss based, in part, on the defense of qualified immunity. Courts have routinely recognized that a stay of discovery may be appropriate or even required while the issue of immunity is being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996)

(noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).  Accordingly, the first two factors weigh in favor of granting a stay.

The Court also considers the remaining factors, namely its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2.  None of these factors prompts the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C.Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5.  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED.**

IT IS **FURTHER ORDERED** that discovery is **STAYED** until such time as the Motion to Dismiss [#11] is resolved.

Dated:  June 28, 2011

BY THE COURT:

　s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge